UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
AMERICAN EMPIRE SURPLUS LINES
INSURANCE COMPANY,

                Plaintiff,                              **MEMORANDUM AND ORDER**

            v.                                       20-CV-2341 (RPK) (RER)

CONCORD RESTORATION INC.,

                Defendant.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      American Empire Surplus Lines Insurance Company filed this lawsuit against Concord Restoration Inc., seeking damages and declaratory relief for Concord's alleged failure to pay an insurance premium as required by contract. *See* Am. Compl. (Dkt. #9). After Concord failed to answer, American Empire obtained a certificate of default and moved for default judgment. *See* Clerk's Entry of Default (Dkt. #11); Mot. for Default Judgment (Dkt. #12). Concord then appeared through counsel and filed a belated answer. *See* Dkt. ##14-15. In a report and recommendation ("R. & R."), Magistrate Judge Reyes recommended denying American Empire's motion for default judgment and vacating the entry of default. *See* R. & R. 13-14 (Dkt. #20). American Empire filed an objection. *See* Objection to R. & R. ("Objection") (Dkt. #21). I assume familiarity with the facts and procedural history set out by Judge Reyes. *See* R. & R. 2-5. For the reasons set out below, Judge Reyes's R. & R. is adopted in part, and American Empire's motion for default judgment is denied.

1

## STANDARD OF REVIEW

I. **Report and Recommendation**

The standard of review a district court should use when considering an order or recommendation from a magistrate judge depends on whether the issue "is dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1). If a party timely objects to a magistrate judge's recommendation on a dispositive issue, then the district court must "determine de novo" those parts of the ruling that have been "properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1).

Those parts of an R. & R. that are uncontested or are not properly objected to may be reviewed, at most, for "clear error." *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019) (citation omitted); *see Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citing Fed. R. Civ. P. 72 advisory committee's note to 1983 addition). Clear error will only be found if after reviewing the entire record, the court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015) (citation omitted).

**II. Default Judgment**

Federal Rule of Civil Procedure 55 "provides a 'two-step process' for the entry of judgment against a party who fails to defend." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citation omitted). First, the party moving for a default judgment must obtain entry of default against the party who has failed to defend under Rule 55(a). *See ibid.*; Fed. R. Civ. P. 55(a). Then, the moving party must obtain entry of a default judgment under Rule 55(b). *Mickalis Pawn Shop, LLC*, 645 F.3d at 128; Fed. R. Civ. P. 55(b).

Following entry of default by the clerk or default judgment, defendants may move to vacate the entry of default pursuant to Rule 55(c). *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d

Cir. 1993). "The filing of a late answer is tantamount to a motion to vacate a default." *Guangxi Nanning Baiyang Food Co. v. Long River Int'l, Inc.*, No. 09-CV-3059 (TPG), 2010 WL 1257573, at *3 (S.D.N.Y. Mar. 30, 2010) (citing *John v. Sotheby's, Inc.*, 141 F.R.D. 29, 35 (S.D.N.Y. 1992)); *Cactus Paper, LLC v. Prestia*, No. 14-CV-2180, 2014 WL 4966082, at *1 (E.D.N.Y. Oct. 2, 2014); *see Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("[O]pposition to a motion for a default judgment can be treated as a motion to set aside the entry of a default despite the absence of a formal Rule 55(c) motion.").

Under Rule 55(c), a court may set aside an entry of default "[f]or good cause shown." Fed. R. Civ. P. 55(c); *see Enron Oil Corp.*, 10 F.3d at 96. The Second Circuit has established three criteria that must be assessed to decide whether to relieve a party from default. Those factors are: "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Enron Oil Corp.*, 10 F.3d at 96 (internal citations omitted). Courts may also consider "[o]ther relevant equitable factors," such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Ibid.* (citing *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986)).

"[T]he factors examined in deciding whether to set aside a default or a default judgment are the same." *Ibid.* But courts apply the factors more rigorously in the case of a default judgment[.]" *Ibid.*

Finally, "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Ibid.*

3

**DISCUSSION**

American Enterprise argues that Judge Reyes erred in denying it a default judgment because Concord's default was willful and Concord has not presented a meritorious defense. *See* Objection ¶¶ 3-12. Applying de novo review, I agree with Judge Reyes's conclusion that no default judgment should be entered. Although I find that Concord's default was willful, Concord has set out a meritorious defense, and American Enterprise has not established prejudice. Considering these three factors against the backdrop of the judicial preference for resolving cases on the merits rather than by default, a default judgment is unwarranted.

    **a. Willfulness**

Concord's default was willful. Under Second Circuit precedent, "willfulness" refers to "conduct that is more than merely negligent or careless" but instead is "egregious and . . . not satisfactorily explained." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (quoting *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)) (internal quotation marks omitted).

Here, Concord took four months to respond to the complaint despite several reminders from Judge Reyes and American Enterprise that a response was necessary. Concord first became aware of the complaint by May 26, 2020, the day American Empire emailed a courtesy copy of the complaint and summons to Concord and asked that Concord waive service. *See* Reply in Support of Mot. for Default J. Ex. H (Dkt. #17) ("Reply"). Concord refused to waive service, so American Empire served Concord on July 7, 2020. *See* Dkt. #7. The deadline for Concord to answer the complaint was July 28, 2020. *Ibid.*

After that deadline came and went, Judge Reyes issued an order on August 4, 2020, notifying Concord that it must answer the complaint by August 21, 2020. *See* Order dated Aug. 4, 2020.

American Empire emailed Concord a copy of Judge Reyes's order the same day. Reply Ex. K. But that deadline came and went too.

In the interim, American Empire had filed an amended complaint, Dkt. #9, so Judge Reyes directed the Clerk of Court to enter default if Concord failed to answer the amended complaint by September 2, 2020, *see* Order dated Aug. 31, 2020. For a third time, Concord failed to answer the complaint.

Concord's attorney only entered a notice of appearance on September 22, 2020—after American Empire had already moved for default judgment. *See* Dkt. #14. The next day, Concord filed an answer. *See* Dkt. #15.

When Concord's attorney later explained the basis for Concord's failure to answer the complaint, *see* Sur-Reply in Opp'n to Mot. for Default J. (Dkt. #18) ("Sur-Reply"), Concord did not deny that it had received the complaint, summons, and copies of Judge Reyes's orders. *Id.* ¶ 2.

Taken together, this history demonstrates that Concord was aware of the legal action against it, aware that the Court had imposed deadlines for it to answer, and aware that failure to do so would result in the Clerk of Court entering a default judgment against it. Concord nevertheless ignored the complaint. Concord has thus exhibited a "clear pattern of willful and deliberate disregard for the litigation" and has therefore "defaulted deliberately." *Bricklayers*, 779 F.3d at 187 (citations and internal quotation marks omitted).

Concord insists that its default was not willful because Concord "was actively involved in attempting to resolve this matter . . . informally without counsel and [was] unaware of the strict legal requirements of filing formal pleadings with the Court." Sur-Reply ¶ 2; *see* Decl. of Fusco in Opp'n to Mot. for Default J. ¶¶ 4-5 (Dkt. #16) ("Fusco Decl."). But ongoing settlement

5

negotiations do not suffice, because "[a] defendant's responsibility to file a responsive pleading . . . is not obviated by participating in efforts which could, in theory, later resolve the case." *Bricklayers*, 779 F.3d at 186-87 (citations omitted). And in any event, the record calls into question whether Concord had a good-faith belief that the matter would settle. American Empire expressed a willingness to discuss resolution of the suit if Concord could provide documents substantiating its claim that the audit was conducted incorrectly. Yet instead of providing that documentation, Concord delayed for over eight months, asserting increasingly implausible explanations for its delay. *See* Reply ¶ 13. Weeks after the Clerk of Court had entered a Certificate of Default, Concord finally sent "documentation" in the form a single-page email listing disputed audit entries. *See id.* Ex. L; Dkt. #11. No evidence suggests that the parties otherwise engaged in settlement negotiations. Far from suggesting that a settlement was imminent, the history of this case tends to show that Concord employed the type of "undue delay-harassment" that default judgments are designed to remedy. *See Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 60 (2d Cir. 1996) ("[T]he basic purpose of default judgment is to protect parties from undue delay-harassment.") (citations and internal quotation marks omitted) (per curiam).

Nor was Concord's failure to file an answer less than willful because Concord did not have counsel and was not familiar with federal court requirements. The Court repeatedly ordered Concord to file an answer by a certain date and twice warned that failure to do so would result in a default judgment. *See* Dkt. #7; Order dated Aug. 4, 2020; Order dated Aug. 31, 2020. Concord does not dispute that it received those orders. Accordingly, Judge Reyes made multiple efforts "to protect" Concord "from waiving a right to be heard because of [its] lack of legal knowledge." *Enron Oil*, 10 F.3d at 96. After reading these orders, "a reasonable non-lawyer should have realized that *some* sort of response to the summons and complaint was necessary." *Todtman,*

6

*Nachamie, Spizz & Johns, P.C. v. Ashraf*, 241 F.R.D. 451, 454 (S.D.N.Y. 2007), *aff'd*, 316 F. App'x 51 (2d Cir. 2009) (emphasis in original).

In reasoning that Concord's default was not willful, Judge Reyes concluded that Concord's failure to retain an attorney until late into the litigation cannot be labeled a willful default because the Court had not previously ordered Concord to obtain an attorney. *See* R. & R. 8-10 (citing *Franco v. Ideal Mortg. Bankers, Ltd.*, No. 07-CV-3956 (JS) (AKT), 2010 WL 3780972, at *3 (E.D.N.Y. Aug. 23, 2010), *report and recommendation adopted in* 2010 WL 3780984 (E.D.N.Y. Sept. 17, 2010). But *Franco* and the cases on which it relies stand for the proposition that the failure to retain counsel alone does not constitute a willful default in the absence of a controlling court order. *See Franco,* 2010 WL 3780972, at *3 (citations omitted). In this case, Concord willfully defaulted because it ignored the complaint and related court orders—not simply because it failed to retain counsel. And as noted above, Concord's failure to retain counsel does not immunize it from its willful disregard of the complaint. *See Todtman, Nachamie, Spizz & Johns, P.C.*, 241 F.R.D. at 454.

Accordingly, Concord's default was willful, and this factor weighs in favor of granting American Empire's motion for default judgment.

### b. Meritorious Defense

Judge Reyes correctly concluded that Concord has made a showing of a meritorious defense that weighs against a default judgment. To make such a showing, "the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004) (citations and internal quotation marks omitted). Here, Concord has argued that it paid American Enterprise all insurance premiums due under the parties' contract.

7

Specifically, Concord argues that American Enterprise's premium calculations rest on a misunderstanding of Concord's gross receipts. Concord argues that American Enterprise included in its gross-receipt calculations certain transactions that should be excluded. *See* Reply Ex. L. If these disputed transactions truly should not have been included, then Concord paid American Empire the correct amount, and Concord would have a complete defense to American Empire's claims. *See MD Produce Corp. v. 231 Food Corp.*, 304 F.R.D. 107, 110 (E.D.N.Y. 2014) (finding allegation that defendant did not owe the money in question sufficient to constitute a meritorious defense). That is enough for the meritorious-defense factor to favor Concord. *See State St. Bank and Trust Co.*, 374 F.3d at 167 ("Whether a defense is meritorious 'is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense.'" (quoting *Enron*, 10 F.3d at 98)).

### c. Prejudice

Judge Reyes correctly found no prejudice to American Empire exists from vacating the default judgment. Delay resulting from the vacatur of a default judgment, "alone[,] is not a sufficient basis for establishing prejudice." *New York v. Green*, 420 F.3d 99, 110 (2d Cir. 2005) (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)) (internal quotation marks omitted). And American Empire has not proffered some other reason for finding prejudice, such as "loss of evidence, . . . increased difficulties of discovery, or . . . greater opportunity for fraud and collusion.'" *Ibid*. (quoting 10A *Charles A. Wright, et al., Fed. Practice & Procedure: Civil* § 2699, at 169 (3d ed. 1998)). Accordingly, Judge Reyes correctly concluded that the absence of prejudice to American Empire from permitting Concord to file its late answer weighs against a default judgment.

### d. A Default Judgment Is Unwarranted

Although Concord willfully defaulted, it has shown that it has a meritorious defense and that American Empire will not be prejudiced by vacating the entry of default and allowing Concord to answer. Even when a default is willful, courts often decline to enter default judgment when defendants present a meritorious defense and there is no risk of prejudice to the plaintiff. *See, e.g.*, *Wagstaff–El v. Carlton Press Co.*, 913 F.2d 56, 57 (2d Cir. 1990); *Glob. Gold Mining, LLC v. Ayvazian*, 983 F. Supp. 2d 378, 387 (S.D.N.Y. 2013), *aff'd in relevant part*, *Glob. Gold Min., LLC v. Ayvazian*, 612 F. App'x 11 (2d Cir. 2015); *Westchester Fire Ins. Co. v. Moyes*, No. 08-CV-10726 (DC), 2009 WL 2337135, at *3 (S.D.N.Y. July 30, 2009). Keeping in mind the strong public policy disfavoring default judgments, these competing factors "should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96

## CONCLUSION

Accordingly, Judge Reyes's R. & R. is adopted in part, and American Empire's motion for default judgment is denied. The entry of default is vacated.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: March 30, 2022
       Brooklyn, New York

9